The Honorable Ben McGee State Representative P.O. Box 240 Marion, AR 72364
Dear Representative McGee:
This is in response to your request for an opinion on several questions regarding the "constitutionality and legality" of two initiatives proposing constitutional amendments on the subject of gambling. Specifically, you ask whether several issues raised in your letter nullify the constitutionality and legality of the proposals. For the following reasons, I must decline to issue an opinion on this matter.
I should initially point out the present status of these petitions.[1] You state in your letter that the petitions "have been presented to [the Attorney General's] office for the purpose of addressing the constitutional prohibition against lottery." This office reviews and approves ballot titles and popular names in accordance with A.C.A. 7-9-107 (Repl. 1991), before the petitions are circulated for signatures. Each petition you reference has been so certified. See Ops. Att'y Gen. 94-112 and 94-129. Both petitions have been circulated and are presently at the Secretary of State's office awaiting certification of the signatures. Assuming that the sufficiency of the petitions are certified, these initiated measures will appear on the ballot to be voted on at the upcoming November General Election.
I do not believe that your questions can be answered in the framework of or consistent with this office's mandate to issue official opinions. Although this office reviews and approves ballot titles and popular names in connection with such measures (A.C.A. 7-9-107 (Repl. 1993)), there is no provision for the issuance of an Attorney General's opinion prior to the enactment of an initiative. This office has steadfastly declined to issue such opinions in the past. In addition, the judicial remedies of any party disagreeing with my opinion are precluded, since a court will not entertain a declaratory judgment action to interpret proposed measures prior to enactment. See A.C.A. 16-111-104 (1987). This would effectively preclude judicial remedies to any party disagreeing with my opinion. This office must, therefore, defer to the people's right to vote on this measure free from an opinion from this office that has no basis in statutory or constitutional authority, and that would in essence amount to an executive comment on a proposal initiated through the Amendment 7 "Initiative and Referendum" process. See Ark. Const. Amend. 7.
Sincerely, WINSTON BRYANT Attorney General
WB:ddm/cyh
[1] The particular initiatives to which you refer are those proposed by the "Arkansas First Committee" and the "Committee to Promote Arkansas," which involve, respectively, the creation of a state lottery, legalization of nonprofit bingo and raffles, pari-mutuel wagering and additional wagering at racetrack sites; and the authorization to establish a casino in Crittenden County.